Jenkins v. Collins Building Services

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of October, two thousand twelve.

PRESENT:
>       DENNIS JACOBS,
>               *Chief Judge,*
>       CHESTER J. STRAUB,
>       CHRISTOPHER F. DRONEY,
>               *Circuit Judges.*

_____

Frank Jenkins,

>       *Plaintiff-Appellant,*

>       v.                                          11-1947

Collins Building Services, SEIU Local 32BJ,

>       *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**     Frank Jenkins, pro se, Bronx, New York.

**FOR DEFENDANTS-APPELLEES:**     Samantha Abeysekera, Daniel D. Schudroff, Jackson Lewis LLP, New York, NY.

Lyle D. Rowen, Office of the General Counsel, SEIU Local, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** to the district court for further proceedings.

Appellant Frank Jenkins, pro se, appeals from a judgment entered on the pleadings, dismissing his employment discrimination complaint against Collins Building Services ("Collins"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's decision granting a motion for judgment on the pleadings. Desiano v. Warner-Lambert & Co., 467 F.3d 85, 89 (2d Cir. 2006). In doing so, "we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations

2

contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." Id. (internal quotation marks omitted). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bank of New York v. First Millenium, Inc., 607 F.3d 905, 922 (2d Cir. 2010) (internal quotation marks omitted). We review a district court's denial of leave to amend for abuse of discretion. In re Tamoxifen Citrate Antitrust Litig., 466 F.3d 187, 220 (2d Cir. 2006).

## I. Jenkins's Discrimination Claims

The district court concluded that Jenkins's statutory discrimination claims against Collins were precluded under 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009). However, the Supreme Court there expressly declined to decide whether a CBA "operates as a substantive waiver of [a plaintiff's] ADEA rights because it not only precludes a federal lawsuit, but also allows the Union to block arbitration of these claims." Id. at 273-74. For that reason, Pyett did not mandate the dismissal of Jenkins's discrimination claims.

The district court therefore abused its discretion in issuing a summary dismissal referencing only that case.[1]

**II. Jenkins's Hybrid Claim**

Although Jenkins's pro se complaint was somewhat incoherent, his counseled memorandum of law (in opposition to Collins's motion for judgment on the pleadings and the Union's motion to dismiss) clarified that he had intended to bring a "hybrid § 301/fair representation claim" consisting of (1) a claim against Collins under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, for breaching the collective bargaining agreement (the "CBA") between the Union and the Realty Advisory Board, a multi-employer bargaining group of which Collins is a member; and (2) a claim against the Union under the National Labor Relations Act, 29 U.S.C. § 159(a), for breaching its duty of fair representation. Jenkins's memorandum requested leave to

---

[1] Collins requests that we affirm the district court's judgment based on the contents of a February 2010 supplemental collective bargaining agreement between the Union and the Realty Advisory Board that explicitly permits an individual employee to compel arbitration in the event that the Union declines to do so on the employee's behalf. This agreement was not before the district court, and we decline to decide its effect on Jenkins's claims (if any). See Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below."). The district court may decide whether to consider the supplemental agreement on remand.

file an amended complaint to that effect and noted that the general rule requiring a plaintiff to exhaust the contractual remedies in a CBA does not apply to hybrid § 301/fair representation claims. <u>See DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 164 (1983).

A district court enjoys "broad discretion" to consider a request for leave to amend which is informally raised in an opposing memorandum and may (as here) deny such a request by not addressing it. <u>See Tamoxifen</u>, 466 F.3d at 220.

The district court will need to reconsider the denial of the request to replead, given our vacatur of its decision on the basis of Jenkins's discrimination claims, and the lower threshold for amendment when (as here) a plaintiff retains counsel after filing a complaint <u>pro se</u>. <u>See DeCarlo v. Fry</u>, 141 F.3d 56, 62 (2d Cir. 1998).

The district court's judgment is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk